IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD JACKSON, # R-18773, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00082-JPG |
| | ) |
| LAWRENCE CORRECTIONAL | ) |
| CENTER HEATLH CARE | ) |
| and DR. J. COE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Lawrence Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He is serving a four year sentence for criminal sexual assault. Plaintiff now sues Lawrence Correctional Center Health Care[1] and one of its doctors, J. Coe, for allegedly denying his requests for an x-ray of his testicles.[2] Plaintiff seeks an "emergency" x-ray (Doc. 1, pp. 6-7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

---

[1] The case caption of the complaint lists "Lawrence Correctional Center" as a defendant. The list of defendants refers to "Lawrence Health Care." Plaintiff appears to use the two names interchangeably in reference to a single defendant.

[2] This lawsuit represents the third action that Plaintiff has filed within approximately two years to address this issue. *See also Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR (S.D. Ill. dismissed Dec. 2, 2013) (Doc. 10); *Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (S.D. Ill. dismissed Jan. 23, 2014) (Doc. 6). It is the second one that addresses claims against Lawrence officials. *See also Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR. All prior lawsuits were dismissed with prejudice.

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The complaint does not pass muster under this standard and shall be dismissed.  However, Plaintiff will be given an opportunity to file an amended complaint.

## The Complaint

Plaintiff's complaint offers scant information about his claim and is virtually incomprehensible.  In the pleading, he names two defendants: (1) "Lawrence Health Care," with the "position/title" described as "Privacy Balls X-ray;" and (2) Doctor Coe, J (Doc. 1, p. 1).  The statement of claim consists of a single phrase: "Emergency x-ray Health care Problem" (Doc. 1, p. 6).  In his list of previous lawsuits, Plaintiff offers some additional clues about the nature of his claim: "I have a emergency problem an I need help for a x-ray for my balls (sic)" (Doc. 1, p. 3).  He adds the following in a separate section:

> I have A Emergency Problem an I need help the Doctor, Coe J. He's not giveing me my Help that I need so I'm asking You for Emergency Help for A x-Ray I field something in my Balls an it gets Big's inside my Balls something in me moving an it don't field Right I'm crying for Help

(Doc. 1, p. 4).

Attached to the complaint are three additional documents that offer some insight into Plaintiff's claim. First, Plaintiff includes a grievance, dated June 12, 2013, in which he complains of on-going pain in his testicles and alludes to his many attempts to obtain an x-ray at Pontiac Correctional Center, Big Muddy River Correctional Center, and Lawrence Correctional Center (Doc. 1, pp. 8, 12). In addition, he includes a letter, dated January 9, 2012, from a Big Muddy official explaining why one request for an x-ray was denied (Doc. 1, p. 9). Finally, Plaintiff includes a page in which he states, "I have to send you the other Part of my 1983 Law Suit because it diding go in my Write out . . . the Law Library is not give out Legal Envelope no more. . . ." (Doc. 1, p. 11).

## Discussion

Plaintiff appears to be bringing a claim against Lawrence Correctional Center Health Care and Doctor Coe for the denial of medical care. This claim arises under the Eighth Amendment. Relevant to Plaintiff's claim, the Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff's claim fails in both form and substance.

With regard to form, the complaint does not satisfy the most rudimentary pleading standards. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the

pleader is entitled to relief." *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (quoting FED. R. CIV. P. 8(a)(2)). In other words, Plaintiff must include, in his statement of claim, "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff includes no factual allegations in the statement of claim at all. The section entitled "Statement of Claim" sets forth Plaintiff's request for relief. The section entitled "Request for Relief" reiterates this request. The Court is left to sift through the pages of the complaint and the attached exhibits, in order to determine what, if any, basis exists for Plaintiff's claim against Defendants. The Court is not obligated to craft a claim on Plaintiff's behalf, and Defendants cannot respond to such a piecemeal pleading.

In substance, the operative complaint does not suggest that Plaintiff was suffering from a serious medical need or that any particular defendant showed deliberate indifference toward that need. The complaint contains no indication that Plaintiff's condition now is, or ever was, objectively serious. The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's exhibits mention a knot that he found in his testicles in 2013. In the complaint, he repeatedly requests an "emergency" x-ray. Beyond this, the pleading does not indicate that a medical professional ever recommended an x-ray or that an x-ray -- as opposed to some other diagnostic procedure -- is necessary.

Turning to the subjective component of an Eighth Amendment claim, no allegations in the complaint or exhibits suggest that any individual exhibited deliberate indifference toward Plaintiff's condition. Deliberate indifference is established when prison officials "know of and

disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). In other words, the defendant must have caused or participated in the violation of Plaintiff's Eighth Amendment rights by responding to his need for medical treatment with deliberate indifference. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

Plaintiff names Doctor Coe as one of two defendants in this action, but he includes no allegations against Doctor Coe in the statement of claim.[3] Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. FED. R. CIV. P. 8(a)(2). Because the complaint is silent as to what role Doctor Coe played in Plaintiff's alleged constitutional deprivation, Defendant Coe shall be dismissed without prejudice from this action.

The only other Defendant in this action is "Lawrence Correctional Center Health Care" which the complaint also refers to as "Lawrence Correctional Center." Despite being named in the case caption and the list of Defendants, no allegations are included in the statement of claim

---

[3] In the section devoted to "Previous Lawsuits," Plaintiff indicates that Doctor Coe is "not giving [Plaintiff] help," but provides no further specifics. It is therefore unclear whether this statement even pertains to the present lawsuit.

against this defendant.[4]  Further, to the extent that Plaintiff intended to name the prison, Lawrence Correctional Center is not amenable to suit under Section 1983.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).  Lawrence Correctional Center is a division of the Illinois Department of Corrections and is therefore not a "person" within the meaning of the Civil Rights Act.  *See Will*, 491 U.S. at 71.  For these reasons, "Lawrence Correctional Center Health Care," which is also referred to as "Lawrence Correctional Center," shall be dismissed with prejudice from this action.

In summary, because the complaint fails to state any claim upon which relief may be granted, it shall be dismissed.  However, the dismissal of the complaint shall be without prejudice to Plaintiff filing a "First Amended Complaint" addressing the defects described above.  Instructions for filing a First Amended Complaint are set forth below in the sections entitled "First Amended Complaint" and "Disposition."

### First Amended Complaint

If Plaintiff wishes to pursue his Eighth Amendment deliberate indifference to medical needs claim against Defendant Coe, Plaintiff is **INSTRUCTED** to file an amended complaint with this Court within 35 days of the date of this order (**on or before March 20, 2015**).  Failure to follow the Court's instructions will result in dismissal of this action with prejudice for failure to state a claim under Section 1915A.  The Clerk of Court is **INSTRUCTED** to send Plaintiff the

---

[4] Further, to the extent that Plaintiff intends to name a member of the health care staff as a defendant in the amended complaint, he should refer to that individual by his or her name, instead of "Health Care." If Plaintiff does not know an individual's name, he should refer to that person generically (and consistently) throughout the complaint as "Jane Doe," "John Doe," etc.

appropriate form to submit a Section 1983 claim.

When filing his amended pleading, Plaintiff should label the pleading "First Amended Complaint."  He should also use *this* case number.  He should refer to the constitutional or statutory ground(s) for relief.  Plaintiff should also be careful to include sufficient facts to demonstrate that he suffered from a serious medical condition, and Defendant Coe responded to that condition with deliberate indifference.

Given Plaintiff's request for relief (i.e., an x-ray), it may be appropriate to name Lawrence's warden as a party to the action.  The Seventh Circuit has made it clear that the proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out.  *See, e.g., Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  Here, that party would be Lawrence's warden, in his or her official capacity.

### Pending Motion

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be held **IN ABEYANCE** pending the Court's receipt of the First Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that for the reasons stated above, Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant Lawrence Correctional Center/Health Care is hereby **DISMISSED** with prejudice.  Defendant Coe is **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before March 20, 2015.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed

with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall focus on Plaintiff's Eight Amendment deliberate indifference to medical needs claim. The First Amended Complaint shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the Eighth Amendment deliberate indifference to medical needs claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Should Plaintiff seek any sort of immediate relief, such as a temporary restraining order or a preliminary injunction, he must file a separate motion pursuant to Rule 65 of the Federal Rules of Civil Procedure. This motion may be filed along with an amended complaint or at any time thereafter, while the action is still pending. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 12, 2015**

*s/J. Phil Gilbert*
**United States District Judge**