IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD JACKSON, # R-18773, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00082-JPG |
| | ) |
| LAWRENCE CORRECTIONAL CENTER | ) |
| HEALTH CARE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Howard Jackson is currently serving a four-year sentence for criminal sexual assault by force at Lawrence Correctional Center ("Lawrence"). He has repeatedly filed civil rights actions pursuant to 42 U.S.C. § 1983 in this District, seeking an x-ray of his testicles. Each time, Plaintiff claims that prison officials at different institutions in the Illinois Department of Corrections ("IDOC") have refused his demands for an x-ray, often misconstruing his request as a sexual advance. *See Jackson v. Wexford Healthcare Sources, Inc., et al.*, Case No. 13-cv-01134-MJR (S.D. Ill. 2013); *Jackson v. Kraznician, et al.*, Case No. 14-cv-00007 (S.D. Ill. 2014). To date, none of these complaints have survived threshold review under 28 U.S.C. § 1915A. Prior to commencing the instant action, Plaintiff accumulated two "strikes" under 28 U.S.C. § 1915(g), based on the dismissal of these complaints as being frivolous, malicious, or for failure to state a claim upon which relief may be granted (*Id.*).

Undeterred, Plaintiff continued filing post-judgment motions and amended complaints in the latter case. *See Jackson v. Kraznician, et al.*, Case No. 14-cv-00007 (S.D. Ill. 2014) (Docs. 11, 18). The Court denied each and instructed him to commence a new action, if Plaintiff

wished to bring a new claim. *Jackson v. Kraznician, et al.*, Case No. 14-cv-00007 (S.D. Ill. 2014) (Docs. 17, 21). Plaintiff was warned that future redundant, frivolous, or nonsensical filings would result in the imposition of sanctions (*Id.* at Docs. 14, 17, 21).

Still undeterred, Plaintiff filed the instant action (Doc. 1). Plaintiff's claim has not changed, although he brings it against different defendants than he named in prior actions. In the original complaint, Plaintiff alleged that Lawrence Correctional Center and two of its officials denied his demands for an x-ray. This Court found that the complaint articulated no viable claim and entered an order dismissing it without prejudice on February 12, 2015 (Doc. 6). However, Plaintiff was given one final opportunity to file an amended complaint in this action on or before March 20, 2015.

Instead of one, Plaintiff filed four amended pleadings in three weeks (Docs. 7, 12,[1] 13). He also filed a motion for status on March 26, 2015 (Doc. 14), in which he asked if more amended pleadings were necessary. Without hesitation and without awaiting a response to his motion, Plaintiff commenced a new action on March 30, 2015. *See Jackson v. Duncan, et al.*, Case No. 15-cv-00343-NJR (S.D. Ill. 2015). As explained in more detail below, Plaintiff's four amended complaints in this action fail to state a claim upon which relief may be granted and shall be dismissed.

### Merits Review Under 28 U.S.C. § 1915A

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Document 12 consists of two amended complaints.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The amended complaints (Docs. 7, 12, 13) do not survive preliminary review under this standard and shall be dismissed.

### Amended Complaints

In each of Plaintiff's amended complaints (Docs. 7, 12, 13), he names Lawrence Correctional Center Health Care,[2] "Jane Doe," and/or "John Doe" as defendants. The body of the complaint also includes the names of additional prison officials and prisons, although they are not necessarily consistent from pleading to pleading.

Plaintiff's statement of claim is consistent -- and equally deficient -- in all four pleadings. In Document 7, for example, the statement of claim consists of a single sentence: "I'm asking

---

[2] This Court already dismissed Lawrence Correctional Center/Health Care with prejudice (Doc. 6, p. 6).

you for some emergency help for a x-ray for my privacy balls" (Doc. 7, p. 6). Plaintiff filed two amended complaints on February 23, 2015, that were docketed as Document 12. In one of these, Plaintiff's statement of claim states: "I need a emergency testles x-ray" (Doc. 12, p. 3). In the other, Plaintiff's statement of claim lists Pontiac Correctional Center ("Pontiac") and Big Muddy River Correctional Center ("Big Muddy"), with references to grievances he filed about a spider bite in 2007 and a request for a "testles x-ray" in 2012 and the following request for relief: "I want the court to give me a testles x-ray" (Doc. 12-1, pp. 4-5). On March 3, 2015, Plaintiff filed an amended complaint (Doc. 13) that is substantially similar to Document 12-1; it lists the names of various prisons in the statement of claim and includes the following request for relief: "I want a emergency privacy testles x-ray" (Doc. 13, p. 7).

The exhibits attached to each of the four complaints are not the same. Attached to Document 7 is a two-page handwritten statement indicating that Plaintiff was issued a disciplinary ticket in response to his demands for an x-ray, a copy of the offender disciplinary report dated February 5, 2015, and a one-page excerpt from a grievance addressing the denial of his demand for an x-ray (Doc. 7-1).

Attached to Document 12 is a 2014 grievance addressing Deborah Isaacs' alleged refusal to provide Plaintiff with an x-ray and a 2012 communication from Deborah Isaacs noting that no knot was found in Plaintiff's testicle upon examination on December 31, 2011. The 2012 communication also indicates that Plaintiff refused the recommended treatment and demanded an x-ray instead (Doc. 12, p. 9).

Finally, attached to Document 13 is a 13-page exhibit that includes Plaintiff's written request for another amended complaint form, a 2012 grievance that Plaintiff submitted at Big Muddy addressing "something" in Plaintiff's testicles (among many other complaints),

a 2013 grievance that Plaintiff submitted at Lawrence addressing "something movieing (sic) in my body," a 2013 grievance addressing the same issues at Stateville, Pontiac, and Big Muddy, along with Deborah Isaacs' response, and a 2014 grievance that Plaintiff submitted at Lawrence addressing "something in me crowing (sic) in my body" (Doc. 13-1).

## Discussion

None of the four amended complaints articulate a viable claim. The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 688 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Constitution when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component.

"To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The amended complaints do not include allegations suggesting that Plaintiff is actually suffering from a serious medical condition. They include little more than a demand for an "emergency" x-ray.[3] Rather than describing the nature of Plaintiff's medical condition as an "emergency," however, this reference appears to relate more to Plaintiff's desire that the x-ray be performed

---

[3] Plaintiff has not filed a motion for a temporary restraining order or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 at any time in this action.

immediately (whether necessary or not). Even if the Court assumes, without deciding, that Plaintiff's medical condition is serious, the four amended complaints still do not satisfy the deliberate indifference prong.

The subjective component of the Eighth Amendment test requires a prisoner to demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. Specifically, the officials "must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). The four amended complaints fail to satisfy this standard.

Each essentially includes a demand for an x-ray of Plaintiff's testicles, which has been denied. However, Plaintiff never alleges that an x-ray has been recommended by a medical professional who is a defendant, that an x-ray is the proper diagnostic test for his condition, or that any defendant's refusal to provide the x-ray amounted to deliberate indifference. To the contrary, the communication from Deborah Isaacs indicates that Plaintiff's testicles were examined, no knot was found, and the recommended treatment was refused (Doc. 12, p. 9; Doc. 13-1). Plaintiff instead demanded an x-ray, while threatening to file a grievance if his request was denied.

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v.*

*Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2007); *see also Garvin*, 236 F.3d at 898. The refusal of Plaintiff's demand for an x-ray, absent any indication that an x-ray is necessary or appropriate, does not constitute deliberate indifference that is actionable under the Eighth Amendment.

Because Plaintiff's amended complaints fail to state any claim upon which relief may be granted and are frivolous, all four amended complaints (Docs. 7, 12, 13) shall be dismissed. Further, this dismissal shall be with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that for the reasons stated above, the amended complaints (Docs. 7, 12, 13) are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and because they are frivolous.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 3, 8, 9, 14) are hereby **DENIED** as **MOOT**.

This lawsuit represents the third action that Plaintiff filed in this District to challenge the denial of his demand for an x-ray of his testicles. None of these challenges have been successful. All complaints have failed to pass muster under 28 U.S.C. § 1915A, yet Plaintiff continues to file motions, complaints, and amended complaints with this Court. The Court previously warned Plaintiff of possible sanctions for redundant, nonsensical filings in *Jackson v. Kraznician, et al.*, Case No. 14-cv-00007-MJR (S.D. Ill. 2014) (Docs. 14, 17, 21). Plaintiff is hereby **WARNED** that further frivolous litigation will result in sanctions (including monetary sanctions and/or a

filing ban). *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g). Because two of Plaintiff's previously-filed lawsuits[4] were dismissed pursuant to § 1915A as being frivolous, malicious, or for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. However, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A

---

[4] *See Jackson v. Wexford Healthcare Sources, Inc., et al.*, Case No. 13-cv-01134-MJR (S.D. Ill. 2013); *Jackson v. Kraznician, et al.*, Case No. 14-cv-00007 (S.D. Ill. 2014).

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[5]  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 2, 2015**

*s/J. Phil Gilbert*
United States District Judge

---

[5] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).